UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| THELMA DEES-JOHNSON d/b/a | ) | |
|---|---|---|
| TT & S FAMILY FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:11-0811 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| JEANINE AND DARRON GRUDMAN, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff, Thelma Dees-Johnson, a Tennessee citizen, doing business as TT&S Family Foundation, filed this pro se action against the Defendants: Jeanine Grudman and Darron Grudman, Tennessee citizens. Plaintiff alleges, in essence, that she provides medical services to mentally ill persons and the Defendants are disclosing medical information about her clients and luring her clients from her business. Plaintiff specifically alleges that the Defendants' disclosures of her clients' medical information violates "HIPPA", a federal law.

Plaintiff bears the burden to meet the pleading requirements necessary to establish the Court's jurisdiction or authority to hear a case. Gibbs v. Buck, 307 U.S. 66, 72 (1939). Because all of the parties are Tennessee citizens, there is a lack of complete diversity of the parties that is required for diversity jurisdiction to hear any state law claim. Russum v. Kilgore Corp., 692 F. Supp. 796, 798 (W.D. Tenn. 1988).

As to Plaintiff's allegations that the defendants are violating the "Health Insurance Portability and Accountability Act" ("HIPAA"), to assert federal jurisdiction under federal law, violations of HIPAA do not give rise to a private right of action. See e.g., Runkle v. Gonzales, 391 F. Supp. 2d 210, 237 (D. D.C. 2005); Dominick J. v. Wyoming Valley West High Sch., 362

F. Supp. 2d 560, 573 (M.D. Pa. 2005). HIPAA "provides for both civil and criminal penalties for individuals who improperly handle or disclose individually identifiable health information." Johnson v. Quander, 370 F. Supp. 2d 79, 99 (D.D.C. 2005). Yet, HIPAA "specifically indicates that the Secretary of [Health and Human Services] shall pursue the action against an alleged offender, not a private individual." Logan v. Dep't of Veteran Affairs, 357 F.Supp. 2d 149, 155 (D. D. C. 2004). Accordingly, Plaintiff's claims under HIPPA must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915e(2)(B)(I) and (ii).

With the lack of complete diversity of the parties or federal claims, there is not any ascertainable basis to invoke this Court's jurisdiction. Thus, the Court concludes that Plaintiff's non-HIPAA claims must be **DISMISSED** for lack of jurisdiction, but without prejudice to any of the Plaintiff's state law claims.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 24th day of August, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge